IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARQUIS LAVELLE HOWARD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:25-cv-00490-MTT-CHW |
| MATTHEW L. MOULTON, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2241 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**ORDER**

Petitioner Marquis Lavelle Howard, a pretrial detainee in the Houston County Detention Center, filed a habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. He has not paid the $5.00 filing fee or moved to proceed *in forma pauperis*. If Petitioner wishes to proceed with this action, he must either pay the filing fee or request to proceed *in forma pauperis*. He must also supplement his petition with information regarding any effort he has made to exhaust available state remedies.

As Petitioner decides whether he wants to proceed with this action, he should be aware that federal district courts generally must abstain from exercising jurisdiction "[w]hen there is a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Petitioner's claims must instead be raised in the ongoing state proceeding "unless it plainly appears that this course would not afford adequate protection." *Younger*, 401 U.S. at 45 (internal quotation marks omitted).

Additionally, Petitioner must fully exhaust all claims before he can seek relief from the federal district court. "Prior to filing a habeas petition in federal court, a petitioner seeking relief from state custody must exhaust available state remedies." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (holding that courts reviewing §2241 petitions may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense"). Exhaustion requires that, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking **one complete round of the State's established appellate review process**." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added). Petitioner complains that the prosecutor refuses to provide discovery and that the "public defender . . . has ignored [him] for a year." ECF No. 1 at 3. It does not appear, however, that the Petitioner has exhausted these claims, or any other claim, by proceeding through the appropriate Georgia trial **and** appellate courts. If Petitioner has not exhausted his available state remedies, his federal habeas corpus will be summarily dismissed.

Should Petitioner wish to proceed, he is **ORDERED** to either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis* along with a a current "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." R. 3, Rules Governing § 2254 Cases. Petitioner is also **ORDERED** to supplement his petition with information regarding how he has properly exhausted every issue or claim raised in the petition.

Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order and his failure to do so will result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate *in forma pauperis* forms (showing this civil action number) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 18th day of December, 2025.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge