**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MARQUIS LAVELLE HOWARD,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | **Case No. 5:25-cv-490-MTT-CHW** |
| | : | |
| **MATTHEW L MOULTON,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

**<u>ORDER</u>**

*Pro se* Petitioner Marquis Lavelle Howard, an inmate in the Houston County Detention Center in Perry, Georgia, filed the above-captioned application that has been docketed as a petition for federal habeas corpus relief pursuant 28 U.S.C. § 2241 (ECF No. 1). On December 18, 2025, Petitioner was ordered to pay the Court's $5.00 filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis.* Petitioner was also directed to supplement his Petition with information regarding how he had exhausted every issue or claim raised in the Petition. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to do so would result in the dismissal of this action. *See generally* ECF No. 3.

Petitioner responded by filing a motion to proceed *in forma pauperis* and an account certification form that showed he had sufficient funds in his prison trust fund account to pay the Court's filing fee in full. On February 23, 2026, the Court thus denied Petitioner's motion to proceed *in forma pauperis* and ordered him to pay the fee. Petitioner was again given fourteen (14) days to comply, and he was again warned that the failure to comply

with the Court's orders would result in dismissal of this case.   *See generally* ECF No. 7.

The time for compliance passed without a response from Petitioner.   On April 7, 2026, the Court thus ordered Petitioner to respond and show cause why this case should not be dismissed for failure to comply with the February 23rd Order.   In addition, Petitioner was again ordered to pay the $5.00 filing fee in full or to inform the Court of any action he had taken to pay the filing fee.   He was given another fourteen (14) days to respond, and he was again warned that failure to comply with the Court's orders would result in dismissal.   *See generally* ECF No. 8.

The time for compliance has passed, and Petitioner still has not paid the filing fee or explained why he has failed to do so.   As Petitioner has been warned, the failure to comply with the Court's orders and instructions is cause for dismissal of this case. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, the Petition is **DISMISSED without prejudice**.   Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA.   *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).   When, as here, "the district court denies

a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, a COA is **DENIED**. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

  **SO ORDERED**, this 11th day of May, 2026.

      S/ Marc T. Treadwell     
      MARC T. TREADWELL, JUDGE
      UNITED STATES DISTRICT COURT